IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK13-81894 |
| MIDLANDS PROPERTIES, LLC, and ) | A17-8017 |
| JERRY J. MORGAN, SR., ) | |
| ) | |
| Debtor(s). ) | CHAPTER 11 |
| JERRY J. MORGAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| a Delaware limited liability company; ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| INC., d/b/a AMERICA'S SERVICING ) | |
| COMPANY; BANK OF NEW YORK ) | |
| MELLON CORPORATION; WELLS ) | |
| FARGO BANK, N.A., d/b/a AMERICA'S ) | |
| SERVICING COMPANY, ) | |
| ) | |
| Defendants. ) | |

ORDER
REPORT and RECOMMENDATION

This matter is before the court on Wells Fargo Bank, N.A.'s motion for summary judgment (Fil. No. 66) and objection by the plaintiff (Fil. No. 71). James B. McVay represents the Plaintiff, Jerry Morgan ("Morgan"), and Jennifer L. Andrews represents defendant Wells Fargo Bank. The motion was taken under advisement as submitted without oral arguments.

As more fully discussed below, this Bankruptcy Court does not have subject matter jurisdiction in this case and request is made to the United States District Court to withdraw the reference of this adversary proceeding.

Morgan commenced this matter as a state court lawsuit filed in the District Court of Douglas County, Nebraska. On June 22, 2017, one of the defendants removed the case to the United States District Court for the District of Nebraska. The United States District Court subsequently granted a motion to refer the case to this Court. In doing so, the United States District Court determined that Morgan's cause of action seeking a declaratory judgment as to the interest rate applicable under his loan documents, and under his bankruptcy plan which was confirmed prior to dismissal of his bankruptcy case, is a core proceeding subject to the jurisdiction of this Court.

The adversary proceeding alleges that the defendants, who are his former and current mortgage loan servicers, have charged improper interest rates and improperly collected escrow funds to pay real estate taxes despite Morgan's state-law homestead exemption. Specifically, he seeks a declaratory judgment as to the interest rate applicable under his loan documents and the confirmed plan, an accounting as to all charges to and payments made on his account, and damages for breach of contract and breach of fiduciary duty. Defendant Wells Fargo Bank, doing business as America's Servicing Company, now moves for summary judgment on the basis that no genuine issue of material fact exists.

### *BACKGROUND*

The following facts are uncontroverted for purposes of this motion:

1. Jerry S. Morgan, Sr., is the owner of property located at 1426 South 163rd Street, Omaha, Nebraska 68130, which property is legally described as follows:

> Lot 28, Block 20, Pacific Heights, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska.

2. On October 15, 2004, Morgan borrowed the original principal sum of $108,000.00 from American National Bank, a national corporation, as evidenced by an adjustable rate note (hereinafter "the Note").

3. As security for payment of the Note, Morgan signed a deed of trust in favor of American National Bank, as trustee and beneficiary, which was dated October 15, 2004, and recorded with the Douglas County Register of Deeds on October 22, 2004, as Instrument No. 2004138413 as a lien against the property. The Note and deed of trust are together referred to as "the Loan."

4. According to the terms of the Note and the adjustable rate rider to the deed of trust, the interest rate charged was adjustable based on an "Index" as defined and calculated pursuant to the terms of the Note and adjustable rate rider attached to the deed of trust.

5. An assignment dated October 15, 2004, was recorded with the Douglas County Register of Deeds on October 22, 2004, as Instrument No. 2004138414, reflecting assignment of the deed of trust to Mortgage Electronic Registration Systems, Inc.

6. A Corporate Assignment of Deed of Trust dated September 30, 2013, was recorded with the Douglas County Register of Deeds, as Instrument No. 2013103738, reflecting Mortgage Electronic Registration Systems, Inc., assigned the deed of trust to the Bank of New York Mellon, f/k/a the Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-2 at 101 Barclay Street, New York, NY 10286.

7. Prior to September 2013 through October 1, 2016, Wells Fargo Bank, N.A., d/b/a America's Servicing Company ("ASC") was the servicer of the Loan.

8. The Loan provides that the interest rate charged on amounts due on the Loan could change annually, and the rates were calculated by adding 2.2500% to the Current Index. The Index is defined as "the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London marker ('LIBOR'), as published in The Wall Street Journal". The Current Index is "the most recent Index figure available as of the date 45 days before each Change Date."

9. Section 3 of the deed of trust, entitled "Funds for Escrow Items," mandates the borrower to pay to the lender amounts for "escrow items," including "taxes and assessments and other items."

10. The amount collected is not to "Exceed the maximum amount a lender can require under RESPA," and "If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds."

11. Morgan asserts in his complaint that he "ceased making payments on his Mortgage Loan in 2014."

12. As part of its role in servicing the Loan, Wells Fargo collected funds from Morgan for an escrow account pursuant to the terms of the Loan documents.

13. From funds in the escrow account, Wells Fargo paid 2012 tax year county taxes due on the property on March 13, 2013, in the amount of $1,281.46.

14. Wells Fargo used funds in the escrow account and advanced funds for the 2012 tax year county taxes on July 5, 2013, in the amount of $1,281.46.

15. Wells Fargo advanced funds for the 2013 tax year county taxes due on the property on March 11, 2014, in the amount of $1,313.26, and July 25, 2014, in the amount of $1,313.26.

16. Wells Fargo did not pay further county property taxes subsequent to these payments, and it understood an exemption was in place.

17. The interest rate on the Loan changed on November 1, 2013, to 2.87500%, on November 1, 2014, to 2.87500%, and on November 1, 2015, to 3.12500%.

18. Servicing of the loan transferred to Specialized Loan Servicing LLC effective October 1, 2016.

19. At the time the servicing transferred, the unpaid principal balance was $88,149.63, and the Loan was due for the February 1, 2014, payment.

20. At the time of the service transfer, the escrow account on the Loan was showing an advanced balance (escrow shortage) of $5,248.53.

21. On September 6, 2013, Morgan filed a Chapter 11 bankruptcy petition in this court at Case No. 13-81896. Morgan included this property in his bankruptcy by listing it on Schedule A as an asset owned by him individually.

22. On the same day as Morgan's bankruptcy was filed, Midland Properties, LLC, also filed a voluntary petition under Chapter 11 at Case No. 13-81894. The cases subsequently were administratively consolidated by order of the court.

23. Morgan and Midland Properties filed their First Amended Plan of Reorganization for Midland Properties, L.L.C. and Jerry J. Morgan, Sr., Debtors in Possession, on June 26, 2014 (the "Amended Plan").

24. The bankruptcy court entered a Stipulated Order Confirming Plan on March 2, 2015 (the "Confirmation Order").

25. The Amended Plan listed as the only "Class 4" claim the allowed secured claim of ASC which was secured by the deed of trust on the property.

26. As to the claim of ASC, the Amended Plan provided, in pertinent part, as follows:

> This/these claim(s) shall be paid in full through the Plan, together with interest at 5.25% per annum as provided in Neb. R. Bankr. P. 3023-1 and amortized over a thirty year period of time as provided in 11 U.S.C. Sec. 1123(a)(5)(H), *or at the underlying contractual rate of interest, whichever is less*. (Emphasis added)

27. Morgans' bankruptcy case was dismissed for cause on May 9, 2016.

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are the province of the fact-finder at trial and not of the judge at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250, 255.

Wells Fargo argues (1) Morgan has put forth no evidence to support his claims; (2) he did not disclose the claims against Wells Fargo as an asset of his bankruptcy case; and (3) he has suffered no injury because he stopped making payments on the Loan in 2014.

## *JURISDICTION*

Before addressing the merits of the motion, this Court must first consider its jurisdiction. Bankruptcy courts have subject matter jurisdiction over civil proceedings "arising under title 11, or arising in or related to cases under title 11." *In re McDougall*, 587 B.R. at 90 (quoting 28 U.S.C. § 1334(b)) (citing 28 U.S.C. § 157(a)). Such proceedings are either core proceedings or non-core, related to proceedings. *Id*.

A core proceeding is one that *arises under* title 11 or *arises in* a case under title 11 and involves rights established by federal bankruptcy law. 28 U.S.C. § 157(b)(1); *In re McDougall*, 587 B.R. at 90 (citing *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995)). Claims that *arise under* title 11 involve causes of action created or determined by a statutory provision of title 11. *In re McDougall*, 587 B.R. at 90 (citation omitted). Claims that *arise in* title 11 "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. (citation omitted).

A non-core, "related to" proceeding over which the Bankruptcy Court has jurisdiction, is one which has some effect on the administration of bankruptcy estate, but does not invoke a substantive right created by bankruptcy law; it could exist outside of a bankruptcy case. *Sears v. Sears* (*In re AFY, Inc.*), 571 B.R. 825, 833 (B.A.P. 8th Cir. 2017). Although "related to" jurisdiction is broad, it has its limits and bankruptcy courts "have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Id*. at 91 (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)).

In evaluating whether a proceeding is related to the bankruptcy case sufficient to confer subject matter jurisdiction, the Eighth Circuit uses a "conceivable effect" test to determine whether there is "related to" jurisdiction. Under this test, if the outcome of a civil proceeding could conceivably have any effect on the handling and administration of the bankruptcy estate, then there is related to jurisdiction. *In re McDougall*, 587 B.R. at 90–91 (citing *Dogpatch Props., Inc. v. Dogpatch U.S.A., Inc.* (*In re Dogpatch U.S.A., Inc.*), 810 F.2d 782, 786 (8th Cir. 1987)).

Here, Morgan's complaint seeks a declaratory judgment as to the interest rate applicable under his loan documents and the Confirmation Order (in his now dismissed Chapter 11 case), an accounting as to all charges to and payments made on his account, and damages for breach of contract and breach of fiduciary duty. The United States District Court found that this is a core proceeding because Morgan was asking the bankruptcy court to interpret the applicable interest rate in light of the Confirmation Order. However, the parties seem to now be in agreement on that issue as indicated in their briefing on this motion for summary judgment. They agree that the plan calls for the interest rate after the effective date of the plan to be "5.25% per annum...or at the underlying contractual rate of interest, whichever is less." The briefs on this motion seem to agree on the calculation of the applicable contractual rate of interest that would apply during the relevant periods of time.

The parties disagree, however, on whether the Defendants actually charged the proper rate of interest to Morgan. That is not a core proceeding as it is a matter that would exist outside of the bankruptcy context. It also does not fall under "related to" jurisdiction since it has no conceivable effect on the bankruptcy estate--the underlying bankruptcy case has been dismissed and there is no longer an estate. The other causes of action (for accounting and damages) suffer from the same jurisdictional defect. Accordingly, this Court has no jurisdiction to decide the issues in this adversary proceeding.

The Court notes, however, that Wells Fargo raises another bankruptcy concept in connection with the motion for summary judgment. Wells Fargo argues that by failing to disclose the causes of action in the bankruptcy case, Morgan should be estopped from raising them now. The estoppel argument is a common law theory and does not arise under Title 11 or the bankruptcy case. Further, while the complaint is not a model of clarity, it does discuss the Confirmation Order and the defendants' failure to charge the proper interest rate required by the confirmed bankruptcy plan. Clearly, the interest rate cause of action did not exist prior to the bankruptcy or even prior to confirmation of the plan and it would have been impossible for Morgan to disclose it. The facts regarding the real estate tax issue are simply not developed enough to know whether they existed early enough to be disclosed. But, in any event, Morgan's response indicates he was not aware of the cause of action prior to dismissal, so summary judgment would be inappropriate as there is a material fact in dispute. Accordingly, this estoppel theory raised in connection with a summary judgment motion is insufficient to somehow vest jurisdiction in the bankruptcy court where jurisdiction does not otherwise exist.

For the foregoing reasons, this Bankruptcy Court does not have subject matter jurisdiction over the issues in this adversary proceeding. Accordingly, I request that the United States District Court withdraw the reference of this matter.

### *RECOMMENDATION*

As indicated previously, Wells Fargo argues (1) Morgan has put forth no evidence to support his claims; (2) he did not disclose the claims against Wells Fargo as an asset of his bankruptcy case; and (3) he has suffered no injury because he stopped making payments on the loan in 2014.

As to the first issue, Morgan was granted an extension of time to resist the motion for summary judgment. In resisting the motion, Morgan submitted evidence in the form of the monthly statements he received from ASC in late 2015 and early 2016 clearly showing the interest rate applied to the account as 5.25 percent. This clearly contradicts Wells Fargo's assertion that it was charging interest in the two- to three-percent range as provided for under the confirmed plan and the Loan documents. Therefore, a dispute regarding a material fact exists on this issue.

The second issue (estoppel) was addressed above and involves a disputed issue of material fact.

The third issue pertains to Morgan's ability to prove damages. "In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *United States v. Nebraska Beef, Ltd.*, No. 17-1344, 2018 WL 4061521, at *4 (8th Cir. Aug. 27, 2018) (citing *Henriksen v. Gleason*, 643 N.W.2d 652, 658 (2002)). Wells Fargo argues that Morgan cannot prove damages because he has not actually made payments on the Loan for several years. Morgan says he stopped making payments because ASC was overcharging him. No accounting has been supplied by Wells Fargo, so it is difficult to ascertain whether Morgan has overpaid due to an incorrect interest rate. In addition, he continues to live in the property, and presumably would be subject to whatever remedies the current holder of the Loan may take regarding such non-payment. These facts are sufficient to preclude entry of summary judgment at this time.

Accordingly, due to disputed issues of material fact, I recommend that the United States District Court deny the motion for summary judgment.

IT IS ORDERED AND RECOMMENDED:

(1) This Bankruptcy Court does not have jurisdiction to decide the issues involved in this adversary proceeding. Accordingly, this Court requests that the United States District Court withdraw the reference of this adversary proceeding.

(2) This Bankruptcy Court recommends that Wells Fargo Bank, N.A.'s motion for summary judgment (Fil. No. 66) be denied by the United States District Court.

DATED: October 4, 2018.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
James B. McVay
*Jennifer L. Andrews
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.